UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| M.R., as next friend of C.R., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV0632 AGF |
| ) | |
| TWIN CITY FIRE INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This diversity case involving underinsured motorist coverage is before the Court on the motion of Plaintiff M.R., as next friend of C.R., for partial summary judgment (Doc. No. 24); and the related motion of Defendant Twin City Fire Insurance Co. ("Twin City") to deny or continue Plaintiff's motion pending further discovery (Doc. No. 30). For the reasons set forth below, Defendant's motion will be granted and Plaintiff's motion will be denied without prejudice.

On May 1, 2011, C.R. was injured in an accident when a car driven by Daniel Torrence hit a Ford Escort driven by Holly Duncan, in which C.R. was a back-seat passenger. After the collision, Plaintiff was trapped in his seat and his friend, a minor, who was seated next to Plaintiff at the time of the collision, died while seated next to him. The Ford Escort was owned by Duncan's parents, Charles and Karen Brown. Twin City provided automobile liability insurance covering the Ford Escort and two other cars

1

owned by the Browns. The policy provided for underinsured motorist protection. Plaintiff alleges that the accident was caused by Torrence's negligence and resulted in pain, suffering, and severe bodily injuries to C.R. Plaintiff further alleges that Torrence's insurance coverage was insufficient to cover C.R.'s damages. Plaintiff settled claims against Torrence for the limit of Torrence's insurance coverage. In the present action, Plaintiff seeks damages under the underinsured motorist provision of the Twin City policy issued to the Browns. Based on an amended complaint, filed on August 13, 2012, Plaintiff also seeks damages for Twin City's alleged vexatious refusal to pay C.R. under the underinsured motorist provision.

    The Case Management Order issued in this case sets a discovery deadline of June 14, 2013, and a deadline for motions for summary judgment of June 28, 2013. Plaintiff's motion for partial summary judgment was filed on November 12, 2012. Plaintiff asks the Court to decide two legal issues: (1) whether the underinsured motorist provision excludes a claim for emotion distress; and (2) whether the insurance policy prohibits "stacking" of underinsured motorist coverage. In response, Twin City has filed a motion under Rule 56(d), Fed. R. Civ. P., asking the Court to deny Plaintiff's motion as premature or continue consideration of Plaintiff's motion, noting that it has not had sufficient time to conduct discovery. Twin City has identified specific discovery it has requested from Plaintiff that bears on the issues raised by Plaintiff.

    The Court agrees with Twin City that neither of the issues raised by Plaintiff is ripe

for judicial determination at this point.  The discovery Twin City seeks could impact the Court's ruling on these two issues and whether the Court even needs to reach the legal issues.  As such, both legal issues are only potential issues, with Plaintiff seeking what essentially amounts to an advisory opinion by the Court.  Furthermore, until the completion of this discovery, Twin City cannot be expected to fully respond to the motion.  Summary judgement is not proper if the nonmoving party has not yet had adequate time for discovery.  *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to deny Plaintiff's motion for partial summary judgment as premature is **GRANTED**.  (Doc. No. 30.)

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment is **DENIED** without prejudice to Plaintiff's right to assert the arguments therein at an appropriate time in the proceedings, after Defendant has had a full and fair opportunity to complete discovery related to the issues.  (Doc. No. 24.)

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 14th day of January, 2013.